HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JAMES JOSEPH TEMPLETON,

    Petitioner,

v.

UNITED STATES OF AMERICA,

    Respondent.

CASE NO. C17-0903 RAJ

ORDER

This matter comes before the Court on Petitioner James Joseph Templeton's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct a Sentence By a Person in Federal Custody. Dkt. #1. The Government filed a response to the Motion. Dkt. #6. For the reasons that follow, the Court **DENIES** Petitioner's Motion.

**I.    BACKGROUND**

On February 10, 2005, Mr. Templeton entered into a plea agreement with the Government pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C) ("Agreement"). Crim. Dkt. #190. Mr. Templeton pled guilty to Conspiracy to Manufacture Methamphetamine in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 846. Crim. Dkt. #90. The parties agreed to a non-guideline sentencing range of 180 to 300 months imprisonment. Crim. Dkt. #190.

Prior to sentencing, the Government conceded that "Mr. Templeton met the requirements for application of the safety valve provision which provides for a two-point downward adjustment." Crim. Dkt. #97. At sentencing, neither Mr. Templeton nor the Government argued in favor or against a safety valve reduction. Crim. Dkt. #129. The Sentencing Court found that Mr. Templeton qualified for a base level offense of 38, added 6 points for the risk of harm to the life of a minor, and subtracted 3 points for acceptance of responsibility, ending up with an offense level of 41 with a criminal history level of 1. *Id.* The guidelines sentencing range for this offense and criminal history level was 324-405 months. Because this was outside the agreed range of 180-300 months, the Sentencing Court then deliberated about a non-guideline based sentence. *Id.* Considering the amount of methamphetamine that Mr. Templeton produced, combined with his manufacturing in the presence of children and toxic dumping of residual chemicals, the Sentencing Court found that a sentence equal to double the statutory minimum of 10 years was appropriate. *Id.*

On August 9, 2016, Mr. Templeton filed a motion to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 782 to the United States Sentencing Guidelines' ("USSG") Drug Quantity Table. Crim. Dkt. #148. The Government opposed the motion. Crim. Dkt. #148. After reviewing the motion, response, and hearing oral arguments, the Court denied Mr. Templeton's motion. Crim. Dkt. #162. Mr. Templeton appealed the Order denying his motion to the Ninth Circuit Court of Appeals. Crim. Dkt. #163. The appeal is pending.

On June 12, 2016, Mr. Templeton filed a § 2255 motion claiming ineffective assistance of counsel. Dkt. # 1.

**II.  LEGAL STANDARD**

Under 28 U.S.C. § 2255(a), a federal prisoner may file a motion to vacate, set aside, or correct his or her sentence "upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without

jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack . . . ."

Under 28 U.S.C. § 2253(c), there is no right to appeal from a final order in a proceeding under section 2255 unless a circuit judge issues a certificate of appealability. 28 U.S.C. § 2253(c)(1)(B).

### III. DISCUSSION

Mr. Templeton argues that his trial counsel's failure to ask the Court to reduce his total offense level by two levels under USSG § 2D1.1(b)(7) at his sentencing constituted ineffective assistance of counsel. A claim for ineffective assistance of counsel requires a showing that (1) counsel's representation fell below an objective standard of reasonableness, and (2) the claimant was prejudiced by the inadequate performance. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). The first step requires showing "that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id*. In applying this first step, courts "must apply a strong presumption that counsel's representation was within the wide range of reasonable professional assistance." *Harrington v. Richter*, 562 U.S. 86, 104 (2011) (quotation marks and citation omitted). The second step requires showing "that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Strickland*, 466 U.S. at 687.

**A. Timeliness**

Under 28 U.S.C. § 2255(f), there is a one-year statute of limitations period for filing a motion to vacate a sentence. While Mr. Templeton's conviction became final on April 18, 2007, he argues that a new one-year statute of limitations period applies to his claim under 28 U.S.C. § 2255(f)(4). Under § 2255(f)(4), the one-year period for filing a motion to vacate begins to run on "the date on which facts supporting the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2255(f)(4). Mr. Templeton's argues that a new statute of limitations period for filing a

motion to vacate began when two events occurred: 1) this Court denied his 28 U.S.C. § 3582(c)(2) motion and commented that there were "several appealing arguments" presented to reduce Mr. Templeton's sentence (Crim. Dkt. # 162); and 2) the Ninth Circuit issued a decision in *United States v. Davis*, 825 F.3d 1014 (9th Cir. 2016), finding that defendants who entered into Rule 11(c)(1)(C) plea agreements may benefit from section 3582(c)(2) if "the judge's decision to accept the plea and impose the recommended sentence" was based on the USSG. *Id.* at 1026.

Mr. Templeton argues that, had his trial counsel argued properly for a two-level safety valve reduction at his sentencing in 2005, his new guidelines sentencing range would have made him eligible for a sentence reduction. Absent the two-level safety valve reduction at the time of sentencing, Mr. Templeton's sentencing guidelines range was 324 – 405 months. Under the current applicable sentencing guidelines, Mr. Templeton's sentencing range would be 262 – 327 months imprisonment. Mr. Templeton's current sentence, 240 months, falls below the sentencing range, which made him ineligible for a sentence reduction under Amendment 782. Mr. Templeton contends that had he received the two-level safety valve reduction, the new applicable guidelines sentencing range would have been 210 – 267 months imprisonment, which would have allowed him to qualify for a reduction in sentence under Amendment 782. Amendment 782 did not become applicable to Mr. Templeton until the decision in *Davis*, thus, Mr. Templeton argues that he would not have been able to show that he was prejudiced by the inadequate performance of his counsel until that decision was issued. Mr. Templeton further argues that the Court's comments in the previous Order denying his motion to reduce his sentence show that it would have indeed reduced his sentence if the Court was authorized to do so.

The Court will first address Mr. Templeton's argument regarding its comments in the previous Order. Crim. Dkt. # 162. First, whether or not Mr. Templeton's sentence would have been reduced if he qualified for a reduction in sentence under Amendment

782 is a matter of law.  The Court's statements regarding Mr. Templeton's arguments are irrelevant on that issue.  Second, while Mr. Templeton notes that the Order states that he "presented several appealing arguments" for a reduction in sentence, the entire sentence states, "Mr. Templeton has presented several appealing arguments for this Court to *exercise its discretion* and reduce his prison sentence." Crim. Dkt. # 162 at 7 (emphasis added).  In denying Mr. Templeton's motion, the Court noted several times that it would need to exercise discretion in order to reduce Mr. Templeton's sentence, even alluding to a plenary resentencing when stating that it was not authorized to make an affirmative finding that the safety valve reduction applied.  These statements are not a definitive indication that the Court would have found that the safety valve reduction applied in this case after review of all of the applicable facts and arguments that must be considered in a sentencing.  Mr. Templeton makes much to do with the Court's statement that he "presented several appealing arguments for this Court to exercise its discretion."  Mr. Templeton overstates the significance of this observation.  The mere expression by a trial judge that an argument is appealing is a far cry from a definitive ruling or expression of an intended outcome.

Further, several of the arguments noted by the Court involved facts that were gained in hindsight, including Mr. Templeton's post-sentence conduct in prison, and a comparison of his sentence and those of his co-defendants.  Not all of these facts would have been available at the time of sentencing.  According to *Strickland*, counsel's conduct must be evaluated from counsel's perspective at the time of his or her performance, and not be judged through the "distorting effects of hindsight." *Strickland*, 466 U.S. at 689.  Mr. Templeton's argument requires the Court to make several conclusory leaps in order to arrive at the conclusion that the previous Order provides "new facts" that support a finding of prejudice to support his argument of ineffective assistance of counsel.

As with the Court's previous Order, the *Davis* decision is also not an appropriate basis on which to establish a new statute of limitations for Mr. Templeton's Motion. The Ninth Circuit's holding that defendants who entered into Rule 11(c)(1)(C) plea agreements may benefit from section 3582(c)(2) is not a fact "supporting the claim or claims presented" that "could have been discovered through the exercise of due diligence" as required by § 2255(f)(4). Again, this argument presupposes that Mr. Templeton would have definitively received the two-point safety valve reduction at the time of sentencing and would have qualified for a sentence reduction under Amendment 782. The Court's statements and the Ninth Circuit decision in *Davis* are not sufficient to establish a new statute of limitations period under § 2255(f)(4). Therefore, Mr. Templeton's Motion is untimely.

**B. Ineffective Assistance of Counsel**

Even if Mr. Templeton's Motion was timely, he cannot make the requisite showing under *Strickland*. Mr. Templeton argues that the Sentencing Court ruled in favor of Mr. Templeton with regards to whether he played a leadership role and that, absent trial counsel's failure to request for the application of the adjustment, he would have received a two-point reduction to his offense level. This is not a sufficient showing that trial counsel's performance fell below an objective standard of reasonableness. A showing of inadequate performance requires showing "that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Strickland*, 466 U.S. at 687.

Both the presentence report and the Government's sentencing memorandum argued that Mr. Templeton played some leadership role in the alleged activity. Crim. Dkt. # 97; PSR. While the Sentencing Court rejected the arguments for a leadership enhancement advanced by both the probation office and the Government, it did not, as Mr. Templeton asserts, rule in his favor on this issue. The Sentencing Court stated that it was unable to determine where Mr. Templeton "ranks with others as a leader or whether

or not he's a follower" and that "without certainty the Court will not score that amount." Crim. Dkt. # 129. There is no indication that the Sentencing Court would have found in Mr. Templeton's favor even if his counsel had requested the adjustment. In light of the Sentencing Court's comments on Mr. Templeton's leadership role or lack thereof, and the fact that the application of the adjustment was briefed prior to the sentencing, it is reasonable that trial counsel would assume that the Sentencing Court had already considered a possible safety-valve reduction. Mr. Templeton makes no other argument that his trial counsel's performance was so deficient as to overcome the strong presumption that the representation was within the wide range of reasonable professional assistance. Further, as noted above, Mr. Templeton cannot show that he was prejudiced by his counsel's performance.

## IV. CONCLUSION

For the reasons stated above, the Court **DENIES** Mr. Templeton's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct a Sentence by a Person in Federal Custody (Dkt. # 1) and directs the clerk to **DISMISS** this action and enter judgment for the Government. The Court finds that reasonable jurists would not debate the resolution of this motion. Accordingly, the Court declines to issue a certificate of appealability. *See* Fed. R. Governing § 2255 Proceedings, Rule 11(a); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Dated this 9th day of November, 2017.

*Richard A. Jones*
The Honorable Richard A. Jones
United States District Judge

ORDER- 7